Johnson, J.
It seems to be contended, in support of the motion, that conceding the plaintiff’s execution to have been properly levied on the four bales of cotton, and that it was in law a lien on them, the defendant’s promise was, nevertheless, within the statute of frauds, and not binding, because it was not supported by a consideration beneficial to the defendant, although it was the occasion of loss to the plaintiff. But this position cannot be maintained. If one say to a merchant, deliver goods to such an- one, and.I will pay you for them ; no one would question that such a promise was binding. The rule very clearly is, that a consideration operating either as a prejudice to the promissee, or to the benefit of the promissor, will support an assumpsit; and there is no reason why it should not equally apply to a promise to pay the debt of another. To make it binding in that case, the promise must be original, not collateral. In Williams v. Leper, 3 Bur. 1889, it does not appear that the defendant was to be benefited, otherwise than by the retention of the goods; for his promise was to pay the amount of plaintiff’s demand.v His commissions, if he was intitled to any, were but the equivalent for services he was to render: nolis that circumstance taken into the account in the judgment of the Court. And the same may be more emphatically said as to the cases of M’Cray v. Madden, 1 M’C. 486, and Adkinson v. Barfield, Ib. 575.
We think, however, very decidedly, that the levy was improperly made on the cotton, and gave the plaintiff no lien upon it; and consequently, that he suffered no prejudice, and the defendant derived no benefit from it. . It was therefore a naked promise to pay so much as the cotton should bring in the market, towards the debt of another, and within the statute of frauds, and void. .
The contract between the defendant and Ms overseer, Alexander, was, that the defendant should give him a certain portion of the crop, which should be made on the plantation, as a compensation for his labour and services. Now, whether we take the contract according to the letter, or spirit, it is very apparent, that Alexander could have no right,title, or interest, in the cotton, except so far as it furnished the measure of his interest in the crop, until the defendant had apportioned it, and delivered his share to him. It could never be tolerated, that the overseer had a vested *584 interest in the crop of his employer. His right to it must depend on his fulfilling his contract, and upon the assent of the employer. Until that is attained, his whole interest consists in the promise made by the employer; a mere chose in action, and not the subject of levy.
The circumstance that the defendant made no objection to the levy when it came to his knowledge, and his promising to pay the money, are relied upon, as shewing that he assented to this partition of the crop. But it is certain that no partition had ever been actually made; and yet the conduct of the deputy sheriff shows, that he thought the cotton, notwithstanding, a proper subject of levy: and it is apparent, that the defendant’s-promise was made under the same impression, which was a mere mistake, and cannot alter the rights of the parties. On this ground, therefore, the motion is granted.
O’Neall, J. and Martin, J; sitting for Harper, J. concurred.
Motion granted.